■ COMTEC TRADING CORP., Respondent, v MUTUAL MARKETING ASSOCIATES OF NEW YORK, INC., Appellant.—Order, Supreme Court, New York County, entered on August 6, 1976, affirmed for the reasons stated by Riccobono, J., at Special Term. Plaintiff-respondent shall recover of defendant-appellant $60 costs and disbursements of this appeal. Concur—Lane and Nunez, JJ.; Kupferman, J. P., and Silverman, J., dissent in the following memorandum by Silverman, J.: Defendant appeals from an order granting plaintiff summary judgment under CPLR 3213 on an instrument for the payment of money only. Although defendant claimed to have offsets and, indeed, partial defenses, Special Term held that such "claimed offsets do not affect obligations under the instrument itself and may be recouped in a separate plenary action brought to recover thereon." We think that any defenses, counterclaims, or offsets that defendant may have arising out of its business relations with plaintiff may properly be asserted in this action. Plaintiff was a seller of merchandise to defendant. Apparently at the request of plaintiff, defendant buyer signed a letter dated September 24, 1975 (hereinafter "Letter Agreement") addressed to French-American Banking Corporation ("Banking Corporation"), plaintiff's banker, confirming that defendant owed plaintiff $35,000 for merchandise sold to defendant by plaintiff which defendant had received and accepted. In that letter, defendant further promised to pay to Banking Corporation, or its designee, the sum of $35,000 within 30 days of the date of the letter. The letter bears the consent of plaintiff. Banking Corporation on April 26, 1976, transferred its rights under the Letter Agreement to plaintiff, and it is as assignee of this Letter Agreement that plaintiff sues herein. Assuming the Letter Agreement to be a negotiable instrument, it is conceded that plaintiff is not a holder in due course, having notice that it was overdue and, presumably, having notice of any claimed defenses arising out of the transactions between defendant and plaintiff. (Uniform Commercial Code, § 3-302.) Thus, even if plaintiff were not the original creditor on the merchandise transactions out of which the Letter Agreement arose, plaintiff's rights would still be subject to "all defenses of any party which would be available in an action on a simple contract" (Uniform Commercial Code, § 3-306, subd [b]). (Cf. General Obligations Law, § 13-105.) The present case is even stronger for permitting defendant to interpose any defenses, offsets, or counterclaims. The Letter Agreement concededly, and by its own terms, arose out of an indebtedness for merchandise sold to defendant by plaintiff. The Letter Agreement was in essence an assignment of that indebtedness to Banking Corporation. Thus, the assignment of the Letter Agreement by Banking Corporation to plaintiff really amounted to a cancellation or washingout of the transaction whereby the Letter Agreement was issued, and the parties are back where they were except that as an evidentiary and pleading matter, plaintiff now has an admission by defendant that $35,000 was owed on September 24, 1975, and a promise (which the law would imply anyhow) to pay that $35,000. But the substantive rights of the parties are unchanged.

Either the defendant owes the plaintiff the money or does not; and that depends on the underlying merchandise account between the parties. That account, like any merchandise account, consists of debits and credits, the debits being sales and the credits payments or returns. We see no reason to grant plaintiff summary judgment for the debit side of the ledger and put off for a later time, and a different action, consideration of the credit side. While the evidence is unsatisfactory, defendant has shown evidence of some payments since September 24, 1975, and some returns, together adding up to over $26,000. Plaintiff has chosen to rely on the Letter Agreement rather than showing conclusively either that the payments and returns were not made or what the amount of the balance owed on the merchandise account is. We think an issue of fact exists as to whether defendant has defenses or offsets to plaintiff's claim. Accordingly, the order appealed from should be reversed, on the law, and plaintiff's motion for summary judgment denied, and the moving papers should be deemed a complaint, and defendant should be given an opportunity to answer.